UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES ELLIS TALLEY,<br>                Plaintiff,<br>      v.<br><br>UNITED STATES VETERANS AFFAIRS,<br>                Defendant. | CASE NO. C24-0355-KKE<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

This matter comes before the Court on Plaintiff Charles Ellis Talley's motion to appoint counsel. Dkt. No. 5. Plaintiff filed this complaint against the Department of Veteran's Affairs alleging multiple administrative decisions[1] violate public law 95-126 "by denying the Plaintiff service-connected healthcare for injuries received while serving in the Army." Dkt. No. 4 at 4. Mr. Talley seeks three million dollars in damages. *Id.*

Mr. Talley's motion to appoint counsel is denied. Generally, no constitutional right to appointed counsel exists in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," however, a district court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *See, e.g., Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To decide whether exceptional circumstances exist, the Court must evaluate both "the

---

[1] Mr. Talley refers to a July 13, 1978 decision (Dkt. No. 4 at 4), a May 21, 2021 decision (Dkt. No. 4-1 at 8), and a April 29, 2022 decision (Dkt. No. 6).

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up).

While Mr. Talley's motion indicates limited means and prior efforts to obtain counsel, Mr. Talley has not shown, nor does the Court find, that this case involves complex facts or law. *See* Dkt. No. 5 at 1 (plaintiff describing the case as "simple"). Mr. Talley has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of this case. As such, the Court finds that Mr. Talley has failed to show the appointment of counsel is appropriate at this time.

For all of these reasons, the Court DENIES Mr. Talley's motion. Dkt. No. 5.

Dated this 22nd day of April, 2024.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 2