UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES ELLIS TALLEY,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>    Defendant. | CASE NO. C24-1157-KKE<br><br>ORDER CONSOLIDATING CASES |

This matter comes before the Court *sua sponte*. Pro se Plaintiff Charles Ellis Talley has filed a complaint that involves common questions of law and fact with *Talley v. U.S. Department of Veterans Affairs*, No. 2:24-cv-00355-KKE (W.D. Wash. filed March 18, 2024). The United States has appeared in that action and a motion to dismiss is currently pending. In this case, Plaintiff moves for entry of default against the United States for failing to appear after service. Dkt. Nos. 18–21. Principles of judicial economy support consolidation of these two cases.

"[P]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Burton-Curl v. S. Seattle Dist. Coll.*, No. 2:23-CV-01242-LK, 2023 WL 5509074, at *2 (W.D. Wash. Aug. 25, 2023) (cleaned up). District courts retain broad discretion to control their dockets, including the authority to "dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions"

ORDER CONSOLIDATING CASES - 1

after "weighing the equities of the case[.]" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)); *see also* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."); *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (a court may consolidate cases *sua sponte*). To determine whether a later suit is duplicative of an earlier suit, the court "examine[s] whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689. A court considering whether consolidation is appropriate will also weigh the interests of judicial economy against any delay or prejudice that might result from consolidation. *See Butler v. Raugh*, No. C19-964-RSM, No. C19-965-RSM, 2019 WL 3716447, at *2 (W.D. Wash. Aug. 7, 2019) (granting consolidation where there were "common questions of law and fact as each of the lawsuits involve the same operative facts, the same legal theories, and similar relationships between the parties").

Here the parties and claims are the same: Plaintiff sues the Department of Veterans Affairs for the denial of certain benefits. *See* Dkt. No. 6. These claims should be heard together.

Accordingly, the Court orders:

1. This case is dismissed as duplicative. The Clerk shall terminate all pending motions and close the case.

2. The Court finds good cause to grant Plaintiff leave to file an amended consolidated complaint in the first-filed action (C24-355-KKE). All claims against Defendant shall be included in this amended complaint. An order to this effect will be entered in the first-filed case.

ORDER CONSOLIDATING CASES - 2

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of February, 2025.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge