UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES ELLIS TALLEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES VETERANS AFFAIRS,<br><br>　　　　　　Defendant. | CASE NO. C24-0355-KKE<br><br>ORDER ON PENDING MOTIONS |

Plaintiff Charles Ellis Talley brings this civil rights case against Defendant United States Department of Veterans Affairs ("VA") alleging various errors in the adjudication of his veterans' benefits. Dkt. No. 28. Defendant moves to dismiss the case for lack of subject matter jurisdiction and for being outside the relevant statute of limitations. Dkt. No. 29. After consideration of the parties' briefing, the complete record, and the relevant case law, the Court agrees that it does not have subject matter jurisdiction over this case.

I. BACKGROUND

This case arises out of Mr. Talley's claim for veterans' benefits, as a result of his service in the United States Army from 1967–1969. Dkt. No. 28 at 2. Mr. Talley was initially discharged under "other than honorable" conditions, a characterization he alleges was erroneous. *Id.* In 1977, his discharge was upgraded to "under honorable conditions" pursuant to a Special Discharge Review Program. *Id.* at 2, 13. He applied for veterans benefits in 1978, but was denied them

ORDER ON PENDING MOTIONS - 1

pursuant to Public Law 95-126 (*id.*), a statute intended to deny entitlement to benefits to certain persons who would otherwise be eligible "solely by virtue of the administrative upgrading" of other than honorable discharges. Pub. L. No. 95-126, 91 Stat 1106. Mr. Talley now seeks to challenge the 1978 Administrative Decision denying his benefits under Public Law 95-126.

Mr. Talley initially filed two actions arising from the same set of facts. *See* Dkt. No. 26. After resolving various motions (Dkt. Nos. 7, 21), consolidating Mr. Talley's two pending cases into this action (Dkt. No. 26), and ordering Mr. Talley to file an amended consolidated complaint including "[a]ll claims against Defendant" (Dkt. No. 26 at 2), Mr. Talley filed an amended complaint with two claims. Dkt. No. 28. His first claim challenges the substantive reason for the denial of his benefits, namely the administrative decision that his upgraded discharge could not be affirmed for purposes of benefits eligibility ("Claim One"). *Id.* at 4–5, 13. His second claim alleges that he should have been given an in-person hearing regarding the April 1978 decision denying his benefits ("Claim Two"). *Id.* at 7.

The amended complaint also describes Mr. Talley's extensive efforts to challenge the conduct alleged in both claims, including appeals to the Board of Veterans Appeals and the U.S. Court of Appeals for Veterans Claims and communicating with elected representatives. Dkt. No. 28 at 8. Lastly, Mr. Talley alleges significant harms caused by the Defendant's allegedly illegal actions. *Id.* at 4, 9–11. Mr. Talley attached eight exhibits to the amended complaint. *Id.* at 13–24.

Defendant now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for violating the relevant statutes of limitations. Dkt. No. 29. Mr. Talley filed an opposition (Dkt. No. 30[1]) and Defendant replied

---

[1] On the docket this document is referred to as a "cross motion" but Mr. Talley only requests denial of the motion to dismiss. Dkt. No. 30 at 1, Dkt. No. 30-2.

ORDER ON PENDING MOTIONS - 2

(Dkt. No. 31). Mr. Talley then filed a motion to correct certain clerical errors in his opposition which Defendant did not oppose. Dkt. No. 32. Both motions are ripe for the Court's consideration.

II.    ANALYSIS

A.    **The Court Grants Mr. Talley's Motion to Correct Wording.**

Mr. Talley moves to correct certain language in his opposition brief and Defendant has not opposed this request. Dkt. No. 32. While the first two pages of Mr. Talley's nine-page filing merely identify clerical errors, his extended "conclusion" includes factual and legal arguments. *See id.* In light of the leeway afforded to pro se parties, Defendant's failure to object to this filing, and the considerable overlap between the arguments in the conclusion and Mr. Talley's timely opposition, the Court grants Mr. Talley's motion and considers the material included in his extended conclusion. *See Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023) ("There is a good reason that we afford leeway to pro se parties, who appear without counsel and without the benefit of sophisticated representation[.]").

B.    **The Court Grants Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

Defendant moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing both that the Court lacks jurisdiction over Plaintiff's case and that his complaint is time-barred. Dkt. No. 29. Because the Court concludes that it lacks subject matter jurisdiction, the Court will not reach Defendant's Rule 12(b)(6) arguments. *See Priv. Client Fiduciary Corp. v. Chopra*, No. 22-CV-00436-LK, 2023 WL 2372917, at *2 (W.D. Wash. Mar. 6, 2023).

1.    <u>Legal standards</u>

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. CONST. ART. III, § 2. "In cases involving benefits owed to veterans, Congress has

created a scheme conferring exclusive jurisdiction over claims affecting veterans' benefits to some federal courts, while denying all other federal courts any jurisdiction over such claims. The source of that statutory scheme is the Veterans' Judicial Review Act of 1988" ("VJRA"). *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020 (9th Cir. 2012). "Congress, in its discretion, has elected to place judicial review of claims related to the provision of veterans' benefits beyond our reach and within the exclusive purview of the United States Court of Appeals for Veterans Claims and the Court of Appeals for the Federal Circuit." *Id.* at 1016 (citing 38 U.S.C. §§ 511, 7252, 7292).

The VJRA "precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the [VA] in the course of making benefits determinations[.]" *Veterans for Common Sense*, 678 F.3d at 1025 (cleaned up). "[I]f reviewing [Mr. Talley's] claim would require review of the circumstances of [his] individual benefits request[], jurisdiction is lacking." *Recinto v. U.S. Dep't of Veterans Affs.*, 706 F.3d 1171, 1175 (9th Cir. 2013). In contrast, claims of medical negligence "would not 'possibly have any effect on the benefits [a plaintiff] has already been awarded'" and can be brought in this court. *See Veterans for Common Sense*, 678 F.3d at 1023 (quoting *Littlejohn v. United States*, 321 F.3d 915, 921 (9th Cir. 2003)); *see also Tunac v. United States*, 897 F.3d 1197, 1205–06 (9th Cir. 2018).

2. <u>The Court does not have jurisdiction over Claim One.</u>

Claim One seeks $3 million caused by the VA's "refusing service-connected health care for his knee injury, PTSD and other disabilities[.]" Dkt. No. 28 at 4.

> If the VA had assisted the Plaintiff in 1978 and recognized his condition, he would not have been so incapacitated and would have been able to live a normal life. This non-treatment and shabby treatment began with the July 13, 1978, Administrative Decision that was totally illegal. Public Law 95-126 gave the veteran Charles Ellis

ORDER ON PENDING MOTIONS - 4

Talley VA service-connected health care but the illegal Administrative Decision denied him medical aid.

*Id.* Mr. Talley repeatedly asserts that "Claim One is not related to VA benefits[.]" Dkt. No. 28 at 1, 4 ("This claim is not related to VA health care benefits").

The Court finds Mr. Talley's first claim is related to VA benefits such that this Court does not have subject matter jurisdiction. "'[B]enefit' is defined as 'any payment, service, ... or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors.'" *Veterans for Common Sense*, 678 F.3d at 1026 (quoting 38 C.F.R. § 20.3(e)). Mr. Talley argues he should have received medical care through the VA but that he was denied. Dkt. No. 32 at 6 (arguing law entitled him to health care through the VA "for service-connected issues but the VA said the Plaintiff Charles Ellis Talley was not eligible for service-connected health care."). This claim falls squarely within the VJRA's jurisdictional bar. *See Johnson v. Navaratnasingam*, No. C21-1215RSL, 2021 WL 4860792, at *2 (W.D. Wash. Oct. 19, 2021) ("Because plaintiff's claims would require that the Court evaluate his situation and requests for treatment to determine whether the VA handled those requests properly, the Court lacks jurisdiction to hear the claims."), *aff'd*, No. 21-35968, 2022 WL 3681300 (9th Cir. Aug. 25, 2022).

Notwithstanding Mr. Talley's assertions to the contrary, Claim One plainly arises from Defendant's decision on his entitlement to veterans' benefits. As such, this Court does not have jurisdiction to evaluate his claim.

3. <u>The Court does not have jurisdiction over Claim Two.</u>

Claim Two asserts the VA denied Mr. Talley due process under the Fifth and Fourteenth Amendments when it failed to provide an in-person hearing when denying his request for benefits. Dkt. No. 28 at 1, 6–10; Dkt. No. 30 at 2; Dkt. No. 32 at 5. Mr. Talley agrees that Claim Two "is

ORDER ON PENDING MOTIONS - 5

about the denial of VA benefits[.]" Dkt. No. 28 at 6.  The VJRA's jurisdictional bar also applies to alleged procedural violations in denying benefits thus the Court also lacks jurisdiction over Claim Two.  *See Tunac*, 897 F.3d at 1203 ("[W]e lack jurisdiction to review whether the VA unreasonably delayed medical care for an individual veteran as a scheduling matter, because such a claim requires review of a benefits decision."); *Mihalik v. Weems*, No. C19-1396RSL, 2020 WL 5759786, at *3 (W.D. Wash. Sept. 28, 2020) ("[I]f simply alleging unlawful conduct in the handling of a request for benefits opened the courthouse doors, the careful administrative and judicial review procedures established by Congress would be upended, and the VA would be constantly embroiled in federal litigation.").

In sum, the Court lacks subject matter jurisdiction to decide either of Mr. Talley's claims and this deficiency cannot be cured on amendment.  Accordingly, the Court dismisses the case without prejudice.  *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice).

### III.  CONCLUSION

For these reasons, the Court GRANTS Mr. Talley's motion to correct the wording in his responsive filing (Dkt. No. 32) and GRANTS Defendant's motion to dismiss (Dkt. No. 29).  The case is dismissed without prejudice.

The Clerk shall close the case and TERMINATE Mr. Talley's filing entitled cross motion (Dkt. No. 30).

Dated this 14th day of May, 2025.

Kymberly K. Evanson
United States District Judge