UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES ELLIS TALLEY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES VETERANS AFFAIRS,<br><br>Defendant. | CASE NO. C24-0355-KKE<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's motion for reconsideration. Dkt. No. 38. On May 14, 2025, the Court granted Defendant's motion to dismiss and dismissed the case without prejudice. Dkt. No. 34. The Court found it lacked subject matter jurisdiction over Plaintiff's two claims because both arose from Defendant's decision on Plaintiff's entitlement to veterans' benefits. *Id.* at 5–6. On June 16, 2025, Plaintiff filed this 53-page motion for reconsideration. Dkt. No. 38. Under either the motion for reconsideration standard or the Rule 60 motion for relief from judgment standard, Plaintiff's motion fails. *See* Local Rules W.D. Wash. LCR 7(h)(1) ("The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.")[1]; *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612,

---

[1] A motion for reconsideration also must be filed within 14 days of the order to which it relates and should not exceed six typewritten pages. *See* LCR 7(h)(2), 7(e).

ORDER DENYING MOTION FOR RECONSIDERATION - 1

1619 (2025) ("Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment.").

Plaintiff argues this Court does have subject matter jurisdiction because the "VA Court only gives administrative decisions, not pain and suffering[,]" and the "VA Court will not take the Plaintiff's claims since he did not submit an application for VA benefits in 1978." Dkt. No. 38 at 15, 17.  Neither of these arguments changes the dispositive analysis that district courts do not have jurisdiction "over a claim if it requires the district court to review VA decisions that relate to benefits decisions[.]"  *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (cleaned up).  As reemphasized in this motion, Plaintiff's claims arise from and challenge the 1978 Administrative Decision that he alleges improperly denied him certain veteran's benefits.  *See* Dkt. No. 38 at 5, 7–9, 13–17, 19–21, 23.  Accordingly, the Court's dismissal due to lack of subject matter jurisdiction remains proper.

Plaintiff also seeks to reopen his case and "permit it to be resubmitted under the Federal Tort Claims Act" against specific individuals.  Dkt. No. 38 at 1–2.  Plaintiff cannot amend his complaint after final judgment unless he first meets the Rule 60 standard to vacate the Court's judgment.  *See BLOM Bank*, 145 S. Ct. at 1620.  Because Plaintiff fails to meet the Rule 60 standard, the Court denies his request to reopen the case and amend his complaint.

Plaintiff's motion for reconsideration is DENIED.  Dkt. No. 38.

The case remains closed.

Dated this 24th day of June, 2025.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 2